UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SCHULANDRA R. COOPER,<br><br>      Plaintiff,<br><br>  -against-<br><br>ALES GROUP,<br><br>      Defendant. | 09 CIV 1779<br><br>**<u>DEFENDANT ALES GROUP'S</u>**<br>**<u>ANSWER TO PLAINTIFF'S</u>**<br>**<u>COMPLAINT</u>** |

---

Defendant Ales Group, USA, incorrectly sued herein as Ales Group, ("Defendant"), by and through its attorneys Jackson Lewis LLP, for its Answer, to Plaintiff Schulandra R. Cooper's ("Ms. Cooper" or "Plaintiff") Complaint hereby state as follows:

### AS TO "UNNUMBERED PARAGRAPH 1"

1. Defendant denies each and every allegation set forth in Paragraph "1" of Plaintiff's Complaint, except admits Plaintiff alleges that this action is brought for alleged discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§2000e to 2000e-17, New York State Human Rights Law, New York Executive Law, §§290 to 297, and New York City Human Rights Law, New York City Administrative Code §§8-101 to 131.

### AS TO "THE NUMBERED PARAGRAPHS"

I(A). Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "I(A)" of Plaintiff's Complaint, except avers that the Plaintiff is Schulandra R. Cooper.

I(B). Defendant denies each and every allegation set forth in Paragraph "I(B)"

of Plaintiff's Complaint, except avers that Defendant's corporate office is located at 1350 Avenue of the Americas, New York, New York, 10019.

I(C).   Defendant admits the allegations set forth in Paragraph "I(C)" of Plaintiff's Complaint.

II(A).   Defendant denies each and every allegation set forth in Paragraph "II(A)" of Plaintiff's Complaint.

II(B).   Defendant denies each and every allegation set forth in Paragraph "II(B)" of Plaintiff's Complaint, except avers that Plaintiff was terminated on or about January 23, 2008.

II(C).   Defendant denies each and every allegation set forth in Paragraph "II(C)" of Plaintiff's Complaint.

II(D).   Defendant denies each and every allegation set forth in Paragraph "II(D)" of Plaintiff's Complaint.

### AS TO THE ATTACHED CHARGE OF DISCRIMINATION

II(E).   Defendant denies each and every allegation set forth in the attached Charge of Discrimination referred to in Paragraph (II(E)" dated March 18, 2008.

### AS TO "THE FIRST ATTACHED STATEMENT"

(1)   Defendant denies each and every allegation set forth in the First Attached Statement.

### AS TO "THE SECOND ATTACHED STATEMENT"

(1)   Defendant denies each and every allegation set forth in the Second Attached Statement.

### AS TO "THE THIRD ATTACHED STATEMENT"

(1)   Defendant denies each and every allegation set forth in the Third Attached Statement.

## AS TO "EXHAUSTION OF ADMINISTRATIVE REMEDIES"

III(A). Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "III(A)" of Plaintiff's Complaint, except avers that Plaintiff filed a Charge of Discrimination with the Equal employment Opportunity Commission ("EEOC").

III(B). Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "III(B)" of Plaintiff's Complaint, except avers that a Notice of Right to Sue was issued by the EEOC dated October 27, 2008 and is attached to Plaintiff's Complaint.

III(C). No response is required.

## AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

As further Answer to Plaintiff's Complaint, Defendant asserts the following affirmative defenses, each of which is a bar to Plaintiff's claims. Defendant reserves the right to assert additional affirmative defenses as they may become known during the course of discovery and trial preparation or otherwise. Defendant asserts the following affirmative defenses without assuming any burden of production or proof that it would not otherwise have.

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails, in whole or in part, to state claims upon which relief can be granted or for which the damages sought can be awarded.

## AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

2. At all times relevant hereto, Defendant has acted in good faith and with good cause, and have not violated any rights which may be secured to Plaintiff under any federal, State or local law, rule, regulation or guideline.

**AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE**

3. All of Defendant's actions were taken for legitimate nondiscriminatory and nonretaliatory business reasons, and would have been taken regardless of Plaintiff's race, color, national origin, or any other prohibited reason.

**AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff is not entitled to recovery of punitive damages as Defendant has exercised reasonable care and good faith efforts to prevent workplace discrimination in accordance with applicable laws.

**AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE**

5. The Complaint fails, in whole or in part, to state a claim upon which compensatory or punitive damages may be granted.

**AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's claims for damages are barred in whole or in part because she failed to mitigate her alleged damages.

**AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred in whole or in part because of applicable statute of limitations.

**WHEREFORE,** Defendant prays that the Court enter a judgment:

(a) dismissing the Complaint in its entirety with prejudice;

(b) denying each and every demand and prayer for relief contained therein;

(c) awarding Defendant its reasonable costs and attorney's fees incurred in defending this action; and

(d) granting such other and further relief as the Court may deem just and proper.

                                Respectfully submitted,

                                JACKSON LEWIS LLP
                                59 Maiden Lane
                                New York, New York 10038-4502
                                (212) 545-4000

Dated: June 1, 2009        By: _____
      New York, New York              Lori D. Bauer (LB 8098)
                                Daniel D. Schudroff (DS 0525)

                                ATTORNEYS FOR DEFENDANT ALES GROUP, USA

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of June, 2009, I caused a true and correct copy of Defendant Ales Group U.S.A.'s Answer to Plaintiff's Complaint, via First Class Mail, to the following Plaintiff *Pro Se*:

Schulandra R. Cooper
P.O. Box 23
New York, NY 10029

_____
Daniel D. Schudroff (DS 0525)